IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

PUERTO RICO TRACTION TIRES
MANUFACTURE

XXX-XX3366

Debtor(s)

CASE NO. 09-09849 BKT

Chapter 7

FILED & ENTERED ON 08/05/2010

## OPINION AND ORDER

Before the Court is a motion by Puerto Rico Traction Tires Manufacturers, Inc. ("Debtor") to stay proceedings pending appeal, filed on July 15, 2010 [Dkt. No. 84] and the supplemental motion filed by Debtor on July 16, 2010 [Dkt. No. 86]. For the reasons stated herein, the motions to stay the proceeding pending appeal are hereby DENIED.

### I. PROCEDURAL BACKGROUND:

On June 23, 2010, creditor Bridgestone Americas Tire Operations, LLC ("Bridgestone") filed a motion to dismiss the captioned bankruptcy proceeding pursuant to 11 USC § 1112 (b)(4) ("MTD") [Dkt. No. 57]. Bridgestone included a certificate of service with the electronic delivery receipt to Debtor's counsel's electronic address. The next day, Bridgestone filed another certificate of service for the same motion, submitting evidence of delivery by certified mail to the Debtor,

Debtor's attorney Maximiliano Trujillo Gonzalez and the Assistant U.S. Trustee Monsita Lecaroz Arribas [Dkt. No. 60]. On even date, the Court entered a notice of a hearing to consider the MTD for July 15, 2010, and ordered the Debtor to file an opposition within 14 days from the notice of the order; and the parties to file a legal memorandum three days prior to the hearing. The order entered was specific as to the contents of said memorandum and was automatically sent to Debtor's counsel's electronic address [Dkt. No. 59]. On June 26, 2010, the Bankruptcy Court Clerk's Office filed a certificate of service which shows that Debtors were noticed of the hearing by first class mail [Dkt. No. 62]. Three days prior to the hearing, Bridgestone complied with the memorandum of law required by the Court supporting the dismissal or conversion of the case [Dkt. No. 72].

The day before the hearing, Debtor filed a motion for continuance of the hearing, basing its request on "work piling up prior" to counsel's vacation departure on July 23, 2010 [Dkt. No. 75]. On even date, Bridgestone opposed the request and the Court denied the motion for continuance [Dkt. No. 76 and 77, respectively].

On July 15, 2010, one hour prior to the hearing, Debtor filed a two page "Preliminary Reply to Motion to Dismiss and Memorandum of Law" alleging, among other things, that the creditors will be better served by an orderly liquidation under Chapter 11 rather than in a Chapter 7 scenario. At the hearing, the Court pointed out to Counsel his general lack of compliance with the Court's orders since the beginning of the case. Counsel proffered his desire to "orderly liquidate" the estate through Chapter 11. The Court found, among other things, that the case had already been delayed long enough, the inventory should have been sold and the account receivables collected. The causes of action announced previously by Counsel against Bridgestone should have been filed and the allegation that the secured creditor's perfection of its collateral was defective should have already

been raised. Ultimately, the Court found that Debtor failed to overcome the conversion argument raised by Bridgestone in that there is no reasonable likelihood of confirmation of a plan to liquidate the estate. The Court found that the main reason for the proceeding is the cause of action against Bridgestone and the liquidation of Debtor's assets, duties that would be better handled by a Chapter 7 trustee. Bridgestone's motion under 11 USC § 1112 (b)(4) was granted and the Court ordered the conversion to Chapter 7.

On that same date, Debtor filed a notice of appeal and a Motion to Stay Pending Appeal [Dkt. No. 82 and 84, respectively]. Debtor alleges that the stay should be granted "to provide debtor with the opportunity to place 100% of its efforts to rapidly steer the present case to its termination via a Plan of Liquidation, which will be both expeditious and feasible, since it will provide for a faster liquidation of the property of debtor, specially the personal property, and to provide for the litigation of objections and the cause of action against Bridestone-Firestone [sic] group of creditors." The next day, Debtors filed a supplement to the motion alleging that the service of the MTD was defective [Dkt. No. 84].

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

## II. **LEGAL DISCUSSION & CONCLUSION:**

Fed R Bankr P 8005 provides in part as follows:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and

> the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

The motion for a stay pending appeal follows the same standard as any motion for stay, which is in the nature of a preliminary injunction and will only be granted upon a showing that: 1) the petitioner is likely to prevail on the merits of its appeal; 2) that without a stay, the petitioner will suffer irreparable injury; 3) that other interested parties will suffer no substantial harm; and 4) that the public interest will not be harmed by the granting of the stay. 6 Lawrence P. King, Collier Bankruptcy Practice Guide, ¶ 117.11[2] at page 117-36 (Matthew Bender 2005). "The *sine qua non* of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Esso Standard Oil Co. v. Monroig Zayas, 445 F3d. 13 (1st Cir. 2006) citing New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). "[W]hat matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." Puerto Rico Hospital Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 n.1 (1st Cir. 2005). However, failure to establish irreparable injury if the stay is denied, is sufficient to deny the stay requested. Id. ("Because PRHS cannot establish irreparable harm, the district court did not abuse its discretion in denying the injunction.") "Irreparable injury in the preliminary injunction context means an injury that cannot adequately be compensated for either by a later-issued permanent injunction, after a full adjudication on the merits, or by a later-issued damages remedy." Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56 (1st Cir. 2005).

In this case, Debtor alleges that the stay should be granted "to rapidly steer the present case to its termination via a Plan of Liquidation, which will be both expeditious and feasible, since it will provide for a faster liquidation of the property of debtor…," Debtor failed to include a scintilla of evidence on their behalf in support of its "expeditious and feasible" plan of liquidation. In fact, Debtor's motions to stay the proceeding make no reference to the likelihood to prevail on the merits of its appeal; that without a stay, the petitioner will suffer irreparable injury; that other interested parties will suffer no substantial harm; and that the public interest will not be harmed by the granting of the stay. The motion also lacks any statutory basis for its request. The Court has not been placed in a position to provide Debtor with relief equal to that of a preliminary injunction and therefore the motion is denied.

In its supplemental motion to stay the proceeding, Debtor argues for the first time that the service of the MTD was defective. Under Fed R Bktcy P 9014, once the motion commencing the contested matter has been filed, it is to be served on the party against whom relief is sought in the manner provided in Rule 7004 for the service of a summons and complaint. Collier on Bankruptcy ¶ 9014.03 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) Under Rule 7004 (b)(9) service may be made by first class mail postage prepaid upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing. Recently, the Court of Appeals for the Second Circuit had the opportunity to review personal jurisdiction in relation to contested matters in bankruptcy cases:

> "Before a federal court may exercise personal jurisdiction over a [party], the procedural requirement of service ... must be satisfied." *Dynegy Midstream Servs. v. Trammochem,* 451 F.3d 89, 94 (2d Cir.2006) (internal quotation marks omitted); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350, 119 S.Ct.

1322, 143 L.Ed.2d 448 (1999) (stating that service of process is "fundamental to any procedural imposition on a named defendant"). These due process requirements apply in motion proceedings (i.e., contested proceedings) under Bankruptcy Rule 9014(b) with the same force as in adversarial proceedings under Bankruptcy Rule 7004. *In re Zumbrun,* 88 B.R. 250, 252 (B.A.P. 9th Cir.1988). "[I]n a contested matter, [as here,] the notice of hearing is treated as a summons and the motion is treated as a complaint." *In re Parker,* 392 B.R. 490, 496 (Bankr.D.Utah 2008). Consistent with due process, Bankruptcy Rule 9014 requires that "reasonable notice" be given to the party against whom relief is sought. In re Kalikow , 602 F.3d 82, 92 (C.A.2 (N.Y.), April 2010)

The record is clear in this case. Bridgestone sent the motion by electronic and certified mail to Debtor's counsel, sent the motion by certified mail to the Debtor and the notice of the hearing to consider the MTD was sent by the Bankruptcy Court Clerk's Office by first class mail. Debtor replied to the motion, appeared and argued against the motion at the hearing held by the Court. Debtor's desperate attempt to raise due process violations *ex post facto* is without merit. Therefore, both the motion to stay and its supplement are hereby DENIED.

**IT IS SO ORDERED.**

San Juan, this 05 day of August, 2010.

Brian K. Tester
U.S. Bankruptcy Judge